

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# Supriyadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Supriyadi v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5392

SUPRIYADI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petitions for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-264-267)

Submitted under Third Circuit LAR 34.1(a)
on December 13, 2006

BEFORE: SMITH and ROTH*, <u>Circuit Judges</u>,
YOHN**, <u>Senior District Judge</u>

(Opinion Filed: February 16, 2007)

---

*The Honorable Jane R. Roth assumed senior status on May 31, 2006.

**Honorable William H. Yohn, Jr., Senior District Court Judge, Eastern District of
Pennsylvania, sitting by designation

**ROTH**, Circuit Judge:

Supriyadi petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of his application for withholding of removal.[1] We will deny the petition because substantial evidence in the record supports the Immigration Judge's conclusion that Supriyadi did not establish a clear probability of future persecution or torture if he is returned to his native country of Indonesia.

## I. Background and Procedural History

Supriyadi, a native and citizen of Indonesia, entered the United States on November 30, 2000 on a visitor visa, which he overstayed without permission.[2] On March 14, 2003, he filed an application for asylum and withholding of removal. He was then placed in removal hearings on May 7, 2003. Supriyadi conceded removability and asked for relief by way of asylum, withholding of removal under the Immigration and Nationality Act (INA),

---

[1] It is not unusual for Javanese to use only one name. The petitioner's Application for Asylum and Withholding of Removal lists "Supriyadi" as his first name, "FNU" (i.e., first name unknown) as his last name, and "Joseph" or "Yusef" as his baptismal name.

[2] Supriyadi's counsel, Haian Lin, Esq., of Boston, states in one part of his brief that Supriyadi entered the country in 1996 and in a different part that he entered in 2000. This is only one of several inconsistent statements in Lin's brief. Perhaps the most glaring of these is Lin's argument on Supriyadi's behalf that Christians of Chinese ethnicity are subject to persecution in Indonesia. Supriyadi is from Java, the main island of Indonesia, and nowhere claims Chinese ethnicity. These errors suggest that substantial parts of the brief were uncritically reproduced from Lin's work in another case.

protection of removal under the Convention Against Torture (CAT), or, in the alternative, voluntary departure.

The Immigration Judge (IJ) denied Supriyadi's petition for his withholding of removal under the INA and for protection from removal under the CAT on the merits, and his petition for asylum both as untimely filed and on the merits. She granted Supriyadi's request in the alternative for voluntary departure. Supriyadi appealed the denials and the BIA affirmed in November 2005.

Supriyadi timely filed for review in this Court. Although Supriyadi's Petition for Review states that he objects to the denial of his asylum application, his argument is limited to the denial of withholding of removal under the INA and the CAT. This Court will treat any argument on the denial of asylum as waived.[3]

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over final removal orders. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). A decision by the Board to withhold removal is analogous to a finding that an applicant is ineligible for asylum and constitutes a "final order of removal" that may be subject to judicial review under 8 U.S.C. § 1252(a)(1). See Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003).

---

[3] In any event, review of this decision would also result in denial of Supriyadi's petition. An application for asylum must be filed within one year of admission into the United States, unless there are extraordinary circumstances excusing the delay. 8 U.S.C. § 1158(a)(2)(B), (D). Supriyadi filed his petition about 30 months after entry and could identify no extraordinary circumstances.

Where, as here, the BIA affirms and adopts the decision of an Immigration Judge, this Court reviews the IJ's decision as if it were the decision of the Board. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003). The applicable standard of review is "extraordinarily deferential." Abdulrahman, 330 F.3d at 598. Board determinations are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We will reverse only if "the evidence not only supports [a contrary] conclusion, but compels it." Id. at 481 n. 1 (emphasis in original).

## III. Analysis

### a. Withholding of removal under the INA

Under 8 U.S.C. § 1231(b)(3)(A), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." In order to qualify for withholding, Supriyadi must demonstrate a "clear probability" of persecution, i.e., that it is more likely than not that he would be persecuted if he returned to Indonesia. Gabuniya v. Attorney General, 463 F.3d 316, 320-21 (3d Cir. 2006).

The IJ correctly found that Supriyadi did not show a clear probability that he would be persecuted on account of his Christian beliefs if he returned to Indonesia. Supriyadi testified that he was harassed when he held prayer meetings because Muslims would sometimes throw rocks at the house or noisily drive by on motorcycles. He also testified that

4

a church of which he was not a member was burned down; he did not witness this event. His own church suffered no harm. Between 1994 and 1999, Supriyadi owned a store and was the object of extortion in that capacity. He testified he was not sure if his faith was a cause of the extortion, but believed it might be. At other times, his cars were sabotaged by his employees. Supriyadi's family–his wife, children, parents and two children, all of whom are Christian–remain in Indonesia and have suffered no harm since his departure. The country reports to which the parties stipulated also described country conditions that generally failed to support Supriyadi's claim: reports showed that the interfaith violence involved both Muslim and Christian aggressors and was restricted to a few areas, to which Supriyadi had shown no ties. Additionally, the reports stated that the Indonesian government has become more tolerant toward the Christian religion, adopting Christmas as a national holiday and helping with multi-religious dialogue. Finally, Supriyadi's application and testimony indicated that he was primarily opposed to returning to Indonesia because of widespread poverty and crime, and that he had requested asylum so he could work legally in the United States and support his family rather than for fear of persecution in Indonesia.

The IJ correctly concluded that although Supriyadi may have suffered harassment and discriminatory acts in the past, none of those acts rose to the level of persecution. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"). Nothing in the record would compel any reasonable factfinder to find that Supriyadi was subjected to persecution or is more likely than not to be persecuted upon his

5

return to Indonesia.

**b. Withholding of removal under the Convention Against Torture**

An alien may obtain withholding of removal pursuant to the Convention Against Torture if he shows it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); Celaj v. Attorney General, 471 F.3d 483, 491 (3d Cir. 2006). Substantial evidence in the record supports the IJ's finding that Supriyadi did not meet his burden.

The CAT defines "torture" as

any act by which severe pain, or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession, punish[ment] . . . , or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."

8 C.F.R. § 208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002).

Supriyadi did not produce any evidence that he was or would be tortured in Indonesia. He specifically testified he was harassed during prayer meetings, but not tortured. Although various parts of Indonesia appear to be in a state of unrest, Supriyadi presented no "[e]vidence of gross, flagrant or mass violations of human rights," inflicted or more likely than not to be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Tarrawally v. Ashcroft , 338 F.3d 180, 187-88 (3d Cir. 2003) (internal quotation marks and citations omitted). See also Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) ("reports of generalized brutality within a country" are not enough to qualify for relief under the CAT).

6

## IV. Conclusion

For the reasons set forth above, we conclude that substantial evidence supports the BIA and IJ's decisions to deny relief and we will accordingly deny the petition for review.